UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK H. LARSON | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 5:21-CV-00588 |
| v. | § | |
| | § | |
| GREAT LAKES INSURANCE SE AND | § | |
| CERTAIN UNDERWRITERS AT | § | |
| LLOYD'S, LONDON | § | |
| Defendants | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiff FRANK H. LARSON ("Plaintiff"), complaining of GREAT LAKES INSURANCE SE ("GLISE") and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ("Lloyds") (collectively, "Defendants" or "Great Lakes"), and for such cause of action respectfully shows unto the Court and Jury as follows:

**II. PARTIES**

Plaintiff, FRANK H. LARSON, is a resident of Val Verde County, Texas.

Defendant, GREAT LAKES INSURANCE SE, is an alien corporation (Societas Europea) incorporated in Germany and engaged in the business of insurance in this state. Defendant has previously agreed that it may be served with process by serving its agent, Mendes and Mount, by certified mail, return receipt requested, at 750 Seventh Avenue, New York, NY 10019-6829. **Plaintiff requests service at this time.**

Defendant, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, is an alien surplus lines insurance company engaged in the business of insurance in this state. Defendant has previously agreed that it may be served with process by serving its agent, Mendes and Mount, by

certified mail, return receipt requested, at 750 Seventh Avenue, New York, NY 10019-6829.
**Plaintiff requests service at this time.**

### III. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

### IV. JURISDICTION AND VENUE

The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(3) because the suit is between citizens of different states, a subject of a foreign state is an additional party, and the amount in controversy exceeds $75,000, excluding interest and costs. *See below, VI. Facts O.*

Venue is proper in this district under 28 U.S.C. §1391(a)(2) & §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and the property at issue is situated in this district. *See below, VI. Facts A-B.*

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS

A.      Plaintiff is the owner of a Texas Commercial Policy No. GK19390628845, issued by Defendants (the "Policy"). The Policy provides coverage for damage caused by covered perils including hail damage, wind damage, and water intrusion damage as a result of storm-created openings or separations.

B.      Plaintiff owns the insured property, which is specifically located at 100-102 Jasper, Del Rio,

TX 78840 (the "Property"). The Property is a 20,366 square foot, single-story commercial

warehouse and office building. The Property is comprised of single commercial warehouse

building with interior offices, open work area, loading docks, and covered loading doors;

configured as shown below.





C.      Great Lakes, or their agents, sold the Policy, insuring the Property, to Plaintiff.

D.      At the time of issuance, and in correspondence regarding the Policy, Great Lakes represented

to Plaintiff that the Policy provided coverage to pay the full value of any loss and damage to

the Property caused by covered perils, which includes hail and wind among other types of

covered perils. Plaintiff relied on such representations to purchase the Policy, continue to pay

premiums to keep the Policy in effect, and to submit an insurance claim for loss and damage to the Property caused by covered perils, including loss and damage caused by hail, wind, and water intrusion. However, Plaintiff relied on such representations to his detriment because Defendants ultimately refused to pay the full value of loss and damage to the Property caused by covered perils, including loss and damage caused by hail, wind, and water intrusion.

E.  On or about April 11th, 2020, Plaintiff experienced a hailstorm that damaged the Property. In its track, the storm left behind widespread damage to the Property caused by covered perils, including but not limited to (1) hail and wind damage to all roofs of the building, including damaged metal roof panels, vent caps, appurtenances, and drip edge; (2) hail and wind damage to the exterior metal paneling of the building; (3) wind and hail damage to two loading doors; (4) hail damage to the parapet partition which divides the building into two interior sections; (5) and hail damage to the building's siding.

F.  Plaintiff timely submitted an insurance claim to Great Lakes for all covered damage caused by the storm, and Great Lakes assigned claim number MDC 50293 to Plaintiff's insurance claim. Defendants assigned an adjuster, Preston Baylor of The Littleton Group, to adjust Plaintiff's claim.  Adjuster was an agent and representative of Great Lakes in regard to Plaintiff's insurance claim.  Mr. Baylor also acted as an insurance adjuster engaged in the business of insurance by investigating, processing, evaluating, approving, and denying, in whole or in part, Plaintiff's insurance claim.

G.  The adjuster, Preston Baylor, on behalf of Defendants, inspected Plaintiff's Property after the storm.  During the inspection, the adjuster, on behalf of Defendants, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damages done to Plaintiff's

business. During the inspection, the adjuster found significant hail damage to all roofs of the building, including hail damage which created openings to metal roof panels, hail damage which created deformations and gaps to the seams of metal roof panels, hail damage to the roof's ridge cap and hail and turbines. *See examples from adjuster's inspection report below.*










H.    Despite finding extensive covered storm damage to Plaintiff's Property, the adjuster, on behalf of Defendants, prepared a repair estimate that vastly under-scoped the actual covered damages to the business. For example, despite that the storm event caused widespread hail damage across one-hundred percent (100%) of the building's roof panels, adjuster estimated only for the replacement of less than fourteen percent (14%) of the building's roof panels. Based upon the adjuster's estimate, Great Lakes determined that no payment was due on Plaintiff's claim. Thus, Defendants demonstrated they did not conduct a thorough investigation of the claim.

I.     Defendants failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. For example, despite finding storm damage to several areas of the building exterior depicted above and which were covered under the Policy, adjuster accepted coverage and estimated for replacement of only thirteen percent (13%) of the building's roofing panels and the building's roof turbines. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Defendants engaged in unfair insurance and settlement practices prohibited under Texas law.

J.     When inspecting the Property on April 20th, 2020, the adjuster was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's insurance claim, including determining the cause of and then quantifying the damage done to the **Error! Reference source not found.**. However, adjuster spent less than one hour inspecting the Property. *See excerpt from adjuster's inspection report below*. Due to the large size of the Property's roofs, siding, and interior, a thorough inspection of the Property could not reasonably have been accomplished within one hour. Great Lakes' adjuster conducted a substandard inspection and made an erroneous determination that overlooked, disregarded, and misrepresented the actual covered damages to the **Error! Reference source not found.**

caused by the storm such as storm damage to the building's loading doors and parapet wall. For example, adjuster did not inspect or take notice of hail damage to the building's siding from which imbedded aggregate had been chipped and displaced from the storm, nor of the storm damage to two of the building's loading doors. As a result, the adjuster's inspection, determination, and adjustment of the insurance claim did not allow for any funds to cover repairs or replacements to restore Plaintiff's Property as provided for under the Policy.

TO BE COMPLETED BY THE ADJUSTER:
Claim No: _MDC 50393_    Insured: _Frank Iverson_
Address: _100-102 Jasper Street - Premise 3 - Bldg 1 Del Rio, Texas 78840_
Date: _4-20-2020_    Adjuster: _Preston Baylor_
Arrival Time: _3:00 pm_    Departure Time: _4:00 pm_
Attendees: _Preston Baylor - Jay Hatcox (contractor)_

K.    In part, to help avoid paying for covered damage to the Property, Great Lakes retained the services of an engineering firm known to reach conclusions favorable to insurance companies. The engineering firm was also biased towards finding no covered damage given the directions, observations, and conclusions provided by Great Lakes. Under Great Lakes' direction, the engineering firm spent little time inspecting the Property overall, gave cursory attention to the exteriors and interiors of the Property, and limited their investigation primarily to the roofs of the Property. To inspect the roofs, the engineering firm only visually checked for storm damage within a few sample test areas that were not representative of the roofs. Although they noticed and acknowledged evidence of hail and wind damage to the roofs, the engineering firm did not conduct any testing that would have enabled them to identify the extent of the hail and wind damage that substantially compromised the integrity of the roofs or the storm-created openings and separations through which the compromised the roof's ability to perform its intended function, and which their limited visual inspection failed to identify. Great Lake's own engineer's report included (1) reports of 2.5-inch to 3-inch hail

Plaintiff's Original Petition                                                                 7

strikes within one-half mile of the Property on the date of loss; (2) widespread indentations caused by hail found across the building's metal roof system, as well as tears/ruptures to roofing panels; (3) approximately 15 large indentations and deformations found in each test square, (4) and approximately 20 locations of "functional damage" on the roof of the building. Despite evidence included in their own report and without scientific basis or explanation, Great Lakes' engineer cursorily opined that much of the observed damage to the building's roof either did not warrant replacement or was not caused by the subject storm.

L.      Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendants failed and refused to properly pay proceeds of the Policy, although due demands were made for proceeds to be paid in amounts sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendants' conduct constitutes a breach of the insurance contract.

M.      Despite finding widespread hail and wind damage to Plaintiff's Property, adjuster did not prepare an estimate of the costs for repair or replacement damage to the Property, except for a small portion of the building's roof panels and roof turbines. Instead, adjuster considered the damage he observed as something he could contend resulted from causes excluded under the Policy. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damages were caused by covered perils. For example, Defendant's denied coverage for vast majority of damage to the building's metal roof, despite the fact that storm created dents, deformities, gaps, and openings were found across the entire roofing system. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

N.    As a result, adjuster failed to account for all of the covered damage by overlooking or disregarding, and thereby omitting from her adjustment of the insurance claim, all of the storm damage that was part of the covered loss—including hail damage across the entire roof of the building; hail damage siding of the building; hail damage to the parapet wall of the building, and storm related damage to building's loading doors. Ultimately, to ostensibly effectuate a settlement of Plaintiff's insurance claim, Great Lakes' adjuster wrongfully determined and misrepresented that only $11,316.16 was due on Plaintiff's insurance claim. Thus, Great Lakes misrepresented material facts regarding lack of coverage for the omitted storm damages.

O.    Defendants' repair/replace estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the full amount of loss to the Plaintiff. Indeed, Plaintiff contracted with other industry professionals who determined that the actual cost to repair or replace the Property for all of the covered damage described above exceeds $300,000. Afterwards, Plaintiff contacted and attempted to work with Great Lakes to resolve Plaintiff's insurance claim and to obtain payment for the full value of all the covered damage described above and having first reduced the amount owed according to the Policy, such as the reduction for the Policy's deductible (1%). However, Great Lakes refused to consider or accept any findings, information, or opinions from anyone other than those paid for by Great Lakes. Defendants' conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

P.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Eventually, on or about July 10th, 2020, adjuster sent a letter to Plaintiff that denied coverage for all of the storm damages to the

Property, except for a small portion of damage to the building's roof system. Therefore, Defendant concluded that only $11,316.16 was due under Plaintiff's insurance claim. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

Q.   Defendants failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

R.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. In fact, while Plaintiff initiated the claim on or about April 16th, 2020, it wasn't until nearly 3 months later on or about July 10th, 2020, that Great Lakes' adjuster finally sent a letter to Plaintiff notifying him of their determination. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

S.   Great Lakes refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation of the claim. Specifically, Great Lakes' agents, their adjuster and engineer, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

T.      Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines. Defendants' conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

U.      Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadlines of receiving all necessary information. Defendants' conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

V.      Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed, and to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendants' conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

W.      From and after the time Plaintiff's claim was presented to Great Lakes, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

X.      As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect

to these causes of action. To date, Defendants have failed to and refuses to pay Plaintiff for the proper repair or replacement of the Property.

Y.      Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

Z.      On or about April 28th, 2020, Defendants sent a letter to Plaintiff in which Defendants elected to assume all liability of all of their agents, as defined in Texas Insurance Code. Tex. Ins. Code § 542A.001(1), such as Great Lakes' adjuster.

## VII. THEORIES OF LIABILITY

### A.  Cause of Action for Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Policy that Plaintiff purchased, Defendants have the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, Plaintiff's business has been damaged.

Defendants GLISE's and Lloyds' failure and refusal, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas constitutes a breach of Great Lakes' contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B.  Cause of Action for Violation of Section 542

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Defendants, and particularly GLISE, violated Section 542 by failing to timely acknowledge receipt of Plaintiff's claim, investigate Plaintiff's claim, or request from Plaintiff all items, statements, and forms that they reasonably believed at that time would be required from Plaintiff within the applicable statutory timeframes. *See* Tex. Ins. Code § 542.055. Defendants have also violated Section 542 by failing to timely provide sufficient written notice of their acceptance or rejection of Plaintiff's claim within the applicable statutory timeframes. *See* Tex. Ins. Code § 542.056. Defendants have further violated Section 542 by failing to pay the full value of Plaintiff's claim within the applicable statutory timeframes. *See* Tex. Ins. Code §§ 542.057–.058. Additionally, if it is determined Great Lakes owes Plaintiff any additional monies on Plaintiff's claim, then Defendants will have automatically violated Section 542 in this case. *See* Tex. Ins. Code § 542.058.

## C. DTPA Cause of Action

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants GLISE and Lloyds. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters.

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46(b)(2), (5), (7), (12) and (19) of the DTPA. In this respect, Defendants' violations include, without limitation:

A.  (1) their unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair or replacement of covered damages to Plaintiff's business on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

B.  As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C.  As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D.  As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

E.  Defendants have breached an express warranty that the damage caused by the subject storm would be covered under the insurance policy. This breach entitles

Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

F.       Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

G.       Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants GLISE and Lloyds under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendants GLISE and Lloyds have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay

for the proper repair or replacement of covered damages to Plaintiff's business on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case, *see generally* Tex. Ins. Code §§ 541.001 et seq.;

B.   Engaging in unfair claim settlement practices, *see* Tex. Ins. Code § 541.060;

C.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue, *see* Tex. Ins. Code § 541.060(a)(1);

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear, *see* Tex. Ins. Code § 541.060(a)(1), *see* Tex. Ins. Code § 541.060(a)(2);

E.   Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time, *see* Tex. Ins. Code § 541.060(a)(4);

F.   Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim, *see* Tex. Ins. Code § 541.060(a)(7); and

G.   Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement, *see* Tex. Ins. Code § 541.060(a)(3).

Defendants GLISE and Lloyds have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants GLISE and Lloyds were done knowingly as that term is used in the Texas Insurance Code.

**E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Defendants GLISE and Lloyds have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

## VIII.  WAIVER AND ESTOPPEL

Defendants have waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## IX.  REQUESTED RELIEF

**A.  Damages**

The above-described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, the cost to properly repair or replace the damages to Plaintiff's business and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Great Lakes' breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus a percentage of per annum penalty on

Plaintiff's Original Petition

that claim against Great Lakes as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees.

### B.  Additional Damages

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

### C.  Exemplary Damages

Great Lakes' breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendants are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

### D.  Attorney's Fees

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIV. JURY DEMAND

Plaintiff respectfully demands a trial by jury.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**WILL ALLAN LAW FIRM, PLLC**
13526 George Rd., Suite 200
San Antonio, Texas 78230
Telephone: (210) 742-9455
Telecopier: (210) 742-4742
serveall@willallanlaw.com

By: _____
WILLIAM N. ALLAN, IV
State Bar No. 24012204
**ATTORNEYS FOR PLAINTIFFS**